IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONNA HUFFMAN,

        Plaintiff,

v.                                        Case No. 2:25-cv-02088-HLT-TJJ

THE STATE OF KANSAS, et al.,

        Defendants.

**Reply in Support of Motion to Dismiss**

Plaintiff's response fails to overcome the deficiencies in her First Amended Complaint. The assertions lack a timeline, factual detail, or identifiable legal basis for relief. Dismissal with prejudice is appropriate as a matter of law. [1]

**I.    Plaintiff fails to cure the service deficiencies**

Federal rules permit service under the state's rules. Fed.R.Civ.P. 4(e). K.S.A. 60-303(c)(1) allows a plaintiff to mail summons and a copy of the petition, using a return receipt delivery, including certified mail or priority mail. But if this method for service used, a plaintiff must evidence the service "by a written or electronic receipt showing to whom delivered, the date of delivery, the address where delivered and the person or entity effecting delivery." K.S.A. 60-303(c)(1). No information showing to whom summons was delivered, the date of the delivery, or

---

[1] The defendants remain unclarified by the Response, except that Justice Luckert is named only in her official capacity. Assuming all formerly named defendants remain, this brief is filed on behalf of the State of Kansas; Gayle Larkin, Kansas Disciplinary Administrator; Stanton Hazlett, former Kansas Disciplinary Administrator; Matthew Boddington, former Kansas Department for Children and Families; Robert Hecht, former Disciplinary Administrator Investigator; Office of Judicial Administration; the Supreme Court of the State of Kansas; Chief Justice Marla Luckert [official capacity only]; the Kansas Office of the Disciplinary Administrator; the Kansas Board for Discipline of Attorneys; the Department for Children and Families, and the Kansas Office of Administrative Hearings.

1

the address where it was delivered is provided. Further, after service, the plaintiff must execute and file a return of service that states:

> the nature of the process, to whom delivered, the date of delivery, the address where delivered and the person or entity effecting delivery. It must include a copy of the return receipt evidencing delivery.

K.S.A. 60-303(c)(3). Plaintiff's attempts fail.

None of the sixteen separate returns of service filed last week contain the required information. *See* Docs 38 through 52. The attempt to satisfy the requirement through a notice of payment from the Unites States Postal Service also falls short because the receipt lacks the required detail. Doc. 37. No referenced exhibits were attached.[2] Plaintiff failed to effectuate service, this Court lacks personal jurisdiction over the named defendants, and the claims should be dismissed. *See Wanjiku v. Johnson Cnty.*, 173 F. Supp. 3d 1217, 1223 (D. Kan. 2016).

**II.     The Response does not provide a short or plain statement required by Rule 8.**

Plaintiff's Amended Complaint presents a bloated, confusing history with inflammatory narrative that fails to identify or support the claims raised and should be stricken for failure to comply with Rule 8. Complaints such as this require Defendants to sift through paragraphs of unnecessary narrative to identify allegations that require response. This challenge is compounded by Plaintiff's persistent use of generalized allegations against the collective "Defendants," without specifying who did what when. Plaintiff uses the response to regurgitate the same confused arguments going back to 2005. The response points back to ¶¶ 26-34 of the 1AC, which allege in 2012, in violation of an inapplicable statute,[3] Hecht,[4] Hazlett[5], and Boddington[6] engaged in a "re-

---

[2] Doc. 34, p. 4 references two different "exhibit 1" items, but neither the "residence summons" nor the "photo of the service packet" are included in the filing. Even if they were, they would not cure the defects.
[3] The public speech protection act, also known as the anti-SLAPP statute, K.S.A. 60-5320. Defendants incorporate by reference their arguments of SLAPP's inapplicability to this case from the motion to dismiss, Doc. 27, §VII.
[4] Deceased. Doc. 28.
[5] Retired since 2021.
[6] Also no longer a state employee.

run" where they ignored unspecified procedures when investigating Plaintiff. There are no specifics as to what Plaintiff was being investigated for, what procedures or proceedings she alleges were inappropriate, or what relief may be provided thirteen years later. The Tenth Circuit Court of Appeals has expressly stated that the "short and plain" statement establishes a ceiling, not a floor. *Frazier v. Ortiz*, No. 06-1286 No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (stating "short and plain" is "all that is permissible" under the rule) (quoting *New Home Appliance Center, Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). Plaintiff's Amended Complaint fails to meet the requirements of the rule and should be stricken, and the Response does not provide a well-reasoned rebuttal.

### III.     *Rooker Feldman* requires dismissal.

Plaintiff argues that *Rooker Feldman* does not apply because she does not seek to overturn a specific state judgment. This lone claim does not save her suit from dismissal. Whether Plaintiff seeks reversal of any disciplinary ruling is irrelevant because she challenges issues that are "inextricably intertwined with a prior state-court judgment." See *Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017), citing *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006).

The substance of Plaintiff's claim challenges the actions leading up to the decision to suspend her law license in Kansas on May 22, 2022. See *Matter of Huffman*, 315 Kan. 641, 509 P.3d 1253 (2022). The outcome she seeks would "reverse or undo" the actions taken by the Kansas Supreme Court because the prospective relief she requests in Doc. 23, ¶ 8, is essentially a revamping of the entire disciplinary process. *See Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1237 (10th Cir. 2006); *see also Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012) ("The essential point is that barred claims are those 'complaining of injuries caused by state-court judgments.' ") (*quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Here, Plaintiff

is doing exactly that: complaining of [alleged] injuries caused by state-court judgments, including the suspension of her law license. Even though she is not requesting a per-se reversal, the remedy she seeks is included in the type precluded by *Rooker Feldman*; in essence, she requests this court to tell the Kansas Supreme Court how it should perform its own functions. *See Ziankovich v. Members of Colorado Supreme Ct.*, No. 20-1314, 2021 WL 4047000, at *3 (10th Cir. Aug. 10, 2021). It is impossible to untangle Plaintiff's requests for relief from the decision reached by the Kansas Supreme Court. This Court lacks subject matter jurisdiction, requiring dismissal.[7]

## IV.     Younger Abstention Applies

Plaintiff argues the Younger Abstention is inapplicable for four reasons: because this Court has jurisdiction over bar rules (they do not); her claims involve the ADA; Defendants included materials outside of the pleadings; and her ability to practice law is not "ongoing" since she sought voluntary dismissal. Doc. 34 at 9.

First, Defendants incorporate by refence the prior argument that the State of Kansas possesses exclusive authority in regulating attorney admissions. Doc. 27 at 11. ("The Kansas Constitution, Kansas Supreme Court Rules, and Kansas Rules of Professional conduct provide exclusive jurisdiction of disciplinary proceedings to the Kansas Supreme Court. *See e.g.*, *Matter of Morton*, 317 Kan. 724, 737–38, 538 P.3d 1073 (2023)).

Second, Plaintiff fails to plead the necessary elements to support an ADA violation. See Doc. 27, §VI.D. Regardless, including an ADA claim does not override the doctrine because the elements precluding this Court's involvement exist, as argued in detail at Doc. 27, §III.

Third, this Court may take judicial notice of limited outside documentation when considering a motion to dismiss. *See e.g., Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000)

---

[7] Defendants also note that it is not their burden at this stage to "argue or present a case that none of the Defendants are covered by the Spending clause." *Contra* Doc. 34 at 11.

4

(permitting judicial notice for facts which are a matter of public record); *Columbian Fin. Corp. z Bowman*, 314 F. Supp. 3d 1113,1119 (D. Kan. 2018) (same for state court documents); *Cuervo v. Sorenson,* 112 F. 4th 1307, 1312 (10th Cir. 2024) (same for documents that are indisputably authentic, implicated by the Complaint and are central to Plaintiffs allegations); K.S.A. 60-409(b)(4) (same for public websites). These undisputed facts are included by Defendants to provide the Court context and may be considered.

Finally, implication of this doctrine is supported directly by the facts in the 1AC. For instance, ¶37 accuses the defendants of "holding her license to practice law hostage." Doc. 23. She spends pages lamenting the investigatory process. The relief she seeks is to have this Court revamp the entire disciplinary process so she can move for reinstatement under her rules. *Younger* applies and provides an independent reason for dismissal.

Defendants note the change in law under *Loper Bright* affected the amount of deference a court gives to an Agency's interpretation of a statute, and is unrelated to the deference a Federal court gives to a state court judgment. *Contra* Doc. 34 at 9. *Loper Bright* is inapplicable to these facts. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024).

V.      **Eleventh Amendment and Qualified Immunity Remain**

Plaintiff fails to counter the argument that all individual Defendants are entitled to qualified immunity for allegations made against them in their personal capacities. Nor does she dispute that claims against named defendants in their official capacities are redundant of the claims against the state. These defenses are unchallenged.

The argument Defendants have waived Eleventh Amendment immunity under the Spending Clause is unsupported. Although Congress can legislate the immunity away in some instances, it has not done so here. *See* Doc. 27, §V.A.

Plaintiff raises the Rehabilitation Act for the first time in the response brief. Any such claim is waived by failing to plead. *Kansas Motorcycle Works USA, LLC v. McCloud*, 569 F. Supp. 3d 1112, 1127 (D. Kan. 2021) (noting a complaint cannot be amended in the brief).

The response also omits required elements of the Rehabilitation Act. *See McGeshick v. Principi*, 357 F.3d 1146, 1150 (10th Cir. 2004) (specifically, that she would be "otherwise qualified" to participate in the programs involved here, and that the program(s) receive federal financial assistance). This argument should be disregarded.

There is no need to engage in discovery on this issue. *Contra* Doc. 34 at 11.[8] The only disability-related protection the 1AC mentions is the ADA. Doc. 34. Plaintiff fails to plead the required elements of an ADA claim, as argued fully in Doc. 27, §VI.D.[9] Defendants agree there is no Eleventh Amendment immunity for claims made under Title II of the ADA. *See Tennessee v. Lane*, 541 U.S. 509 (2004). But the 1AC does not include facts sufficient state a claim under the ADA, and immunity applies to the remaining allegations. The Response fails to address the shortcomings. Dismissal is appropriate.[10]

## VI. Federal Law Claims Fail

<u>First Amendment</u>. The response references Uhmber,[11] Hecht,[12] and Plaintiff's daughter.[13] Any claim involving actions taken by these individuals is time barred. K.S.A. 60-513(a)(4); *Rosales v.*

---

[8] Defendants also note there is no amicus brief attached, as the plaintiff's argument indicates.
[9] In addition to the reasons included in Doc. 27, Plaintiff fails to allege an exclusion or denial of benefits was because of her disability. 42 U.S.C. § 12132. The entire complaint surrounds her assertion that the Defendants took actions because she challenged them. Required elements to support an ADA violation remain absent.
[10] Defendants also note that it is not their burden at this stage to "argue or present a case that none of the Defendants are covered by the Spending clause." Contra Doc. 34 at 11.
[11] As far as Defendants can determine, Plaintiff intends to refer to Keen Umbehr. A Google search suggests Mr. Umbehr was an attorney involved in a disciplinary matter that concluded in 2011. https://www.corrections1.com/ethics/articles/lawyer-cleared-of-prison-ethics-complaint-2TVJlYmskm1fjZ2R/, last visited Oct. 7, 2025
[12] Google suggests Hecht was accused of charging misdeeds of about $92,000 in 2010. https://www.cjonline.com/story/news/2010/09/08/state-paid-hechts-legal-bills/16489784007/, last visited Oct. 7, 2025.
[13] The 1AC mentions litigation involving her daughter beginning in 2002. Doc. 23, ¶ 29. Even if the daughter were

*Ortiz*, 325 Fed. Appx. 695, 698 (10th Cir. 2009) (internal citation omitted) ("Limitations periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations and the coordinate tolling rules...."); *see also Dummar v. Lummis,* 543 F.3d 614, 619 (10th Cir. 2008) (holding that statute of limitations issues may be resolved on a motion to dismiss where the application of the limitations period is apparent on the face of the complaint.) Plaintiff does not allege any actions taken by, or involving these individuals fall within the statute of limitations.

Conspiracy. Even if the tale of Boddington, Hazlett, and Dempsey[14] was considered sufficient to state a claim of conspiracy, the claim is time barred; nothing involving these individuals is claimed to have occurred within the two-year statute of limitations. See K.S.A. 60-513(a)(4). And the decision by the Kansas Supreme Court makes no reference to any of the people or situations Plaintiff notes. *See Matter of Huffman*, 315 Kan. 641, 509 P.3d 1253 (2022).

Fourteenth Amendment. Plaintiff's response here is about the ADA, not substantive (or procedural) due process. Defendants' response to a claim of due process deprivation is unchallenged. Defendants do not dispute the ADA's waiver of the Eleventh Amendment; Defendants dispute that Plaintiff adequately pled a claim of ADA deprivation under the requirements of the law; the response fails to address these deficiencies. *See* Doc. 27, §VI D.

Equal access. Plaintiff continues to suggest pro se parties are subject to different rules than licensed attorneys, but also continues to omit how these differences harmed her. Further, public record (of which this court may take judicial notice) shows that rules propounded by the Kansas State Courts are for the purposes of increasing access to justice, not minimizing it. *See e.g.*, kscourts.gov/KSCourts/media/KsCourts/Orders/2025-RL-045.pdf, last accessed Oct. 6, 2025. There is no claim here to warrant relief.

---

an infant in 2002, she would be an adult at this time.
[14] Not a defendant.

7

Statutes of Limitation. Defendants are unable to discern an argument supported by *Lopez v. Davila*, 63 Kan. App. 2d 147, 526 P.3d 674 (2023) (regarding statutes of limitations as it applies to tort claims involving contract); or *Robinson v. Shah*, 23 Kan. App. 2d 812, 936 P.2d 784 (1997) (regarding statute of limitations on fraudulent concealment of medical malpractice). Plaintiff alleges her injury dates back to 2002, but makes no allegation to support a stay in the applicable statutes of limitation due to the (alleged) injury not being "reasonably ascertainable." *See* K.S.A. 60-513(b). Claims involving the suspension of her law license filed after May 22, 2024 are simply out of time.[15] Claims alleging other adverse activity prior to the suspension are likewise time barred. The Response provides no adequate reason to consider these claims so remote in time after the alleged activity.

Equal Protection: Plaintiff points to a disciplined attorney who (presumably) enjoyed a different outcome than herself. Plaintiff's cited comparator does not support a claim of equal protection because there was no similar conduct. *Compare Matter of Huffman*, 315 Kan. 641, 509 P.3d 1253 (2022) (holding "evidence supported finding that attorney failed to provide competent representation"; "evidence supported finding that attorney violated professional conduct rule prohibiting lawyers from bringing frivolous proceedings"; and "evidence supported finding that attorney engaged in conduct that was prejudicial to the administration of justice," amongst other things); with *In re Rumsey*, 301 Kan. 438, 450, 343 P.3d 93 (2015) ("stipulat[ing] that he had committed a misrepresentation relating to evidence he presented in his disciplinary proceeding."). This is not enough to support a claim of equal protection violation, including a "class of one" theory. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (Plaintiff must allege that she has been intentionally treated differently from others similarly situated and that there is no rational

---

[15] The decision at issue here arrived on May 22, 2022. *Matter of Huffman*, 315 Kan. 641, 509 P.3d 1253 (2022).

basis for the difference in treatment). Her generalized allegations that other attorneys were not treated as she was does not meet the required pleading standard. *See Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 570 (2007).

## VII.   State Law Provides No Relief[16]

Anti-SLAPP: Kansas' Public Speech Protection Act does not apply. The cited statute allows a party defendant to strike a claim asserted against him or her. See K.S.A. 60-5320(d). Here, Plaintiff is bringing a claim. Relief under Anti-SLAPP is inapplicable. *See also*, Doc. 27, §VII

KCPA: A state entity performing its legal duties is not a "consumer transaction." *Ellibee v. Aramark Corr. Servs., Inc.*, 37 Kan. App. 2d 430, 433, 154 P.3d 39 (2007). A records request to a state agency does not create a consumer/supplier transactional relationship. Nor does receiving (free) assistance with a filing meet the statute's definition. Relief under the KCPA is also inapplicable. *See also*, Doc. 27, §VII.A

Common law:  The Response fails to address the exemptions, under the Eleventh Amendment and KTCA, which apply as a matter of law. See Doc. 27, §7.B through 7.H. Plaintiff's response that inferences should be drawn in her favor do not overcome the affirmative defenses.

Requests to amend: Throughout the pleading, Plaintiff seeks the Court's guidance in what should be plead to survive a motion to dismiss and blames Defendants for not providing her "specificity of the missing element" instead of "just a general recitation of elements[.]" *See* Doc. 34, fn 17, and pg. 5. Neither the defendants nor this Court are to assume the role of "her advocate and fashion arguments for her." *Jones v. Jones*, 820 Fed. Appx. 659, 663 (10th Cir. 2020). This remains true despite the Plaintiff's health and cognitive issues. *See Ombe v. Cook*, 861 Fed. Appx. 182, 185 (10th Cir. 2021). The requests for an opportunity to amend (again) should be denied.

---

[16] Defendants concede K.S.A. 12-105b does not apply.

## Conclusion

The response brief does not overcome the jurisdictional obstacles and fails to coherently explain a legal theory that would allow relief. This action should be dismissed with prejudice.

Respectfully submitted,

/s/Crystal B. Moe
Terelle A. Mock                                    #21465
Crystal B. Moe                                     #29168
FISHER, PATTERSON, SAYLER & SMITH, LLP
3550 S.W. 5th Street
Topeka, KS 66606
(785) 232-7761 | (785) 232-6604 – fax
tmock@fpsslaw.com | cmoe@fpsslaw.com
**Attorneys for Defendants**

## Certificate of Service

I hereby certify that on October 14, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Donna L. Huffman
122 Vista View Ct.
Ozawkie, KS 66070
donna@thetruthmatters.online
***Pro se* Plaintiff**

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: No one.

s/Crystal B. Moe