**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

DONNA HUFFMAN,

        Plaintiff,

v.                                                                              Case No. 2:25-cv-02088-HLT-ADM

THE STATE OF KANSAS, et al.,

        Defendants.

## Defendants' Response in Opposition to Plaintiff's Motion to Alter, Amend, or Vacate Judgment

Defendants respond in opposition to plaintiff Huffman's motion filed under Fed. R. Civ. P. 59(e) and 60(b)(4). Plaintiff presents two alternate theories. First, Huffman argues any findings this Court made beyond lack of jurisdiction should be vacated pursuant to Rule 60(b)(4). Second, in the alternative, she argues if upon reconsideration this Court should find it has jurisdiction over the defendants, she then seeks to alter or amend the remaining findings pursuant to Rule 59(e). Both theories fail; defendants address them in turn.

**I.      Plaintiff has failed to satisfy the requirements under Rule 60(b)(4).**

Relief under Rule 60(b) is an "extraordinary remedial procedure," reviewed under an abuse of discretion standard. *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 125 F.4th 1000, 1011–12 (10th Cir. 2025) (internal citations omitted). Huffman argues that once this Court determined it lacked personal jurisdiction over the individual defendants, the law precludes the Court from making any further substantive rulings, and as such, those substantive rulings are void. Huffman's

1

conclusion is unsupported by case law.[1] Nor has counsel located any legal precedent that prohibits a court from making its decision on multiple grounds or in the alternative.

At no point does the Order assert or conclude this Court has jurisdiction over Huffman's claims. Rather, the Order makes clear Huffman's claims are dismissed without prejudice for lack of personal and subject matter jurisdiction. Specifically, Huffman failed to secure proper service on the individual defendants sued in their individual capacity (Hazlett, Boddington Hecht, and Larkin). The Court lacks subject matter jurisdiction over all claims asserted by Huffman against Kansas, its agencies, and its agents in their official capacity under Eleventh Amendment Immunity. Finally, the Court concluded the *Rooker-Feldman* doctrine denies it subject matter jurisdiction of any claim filed against any defendant.

Going above and beyond, in a commended act of judicial efficiency, this Court then provided in the alternative, if an appellate court disagreed with the jurisdictional conclusions, all claims would be dismissed with prejudice on substantive grounds of qualified immunity and Rule 8. The Court clarified multiple times these findings would only trigger in the event an appellate court disagreed with the Court's jurisdictional findings, stating "[i]f the Court had subject matter jurisdiction over any federal claim, this dismissal would be with prejudice for the reasons that the Court explains when it evaluates whether to allow Plaintiff to amend again." (Doc. 61, p. 17) The Court's approach is not unusual or discouraged. See *SNL Workforce Freedom Alliance v. National Technology and Engineering Solutions of Sandia*, LLC, 2022 WL 3715858, *8 (D.N.M. 2022) (dismissal on alternate grounds); *San Miguel Hospital Corporation v. Publix Supermarket, Inc.*,

---

[1] Huffman's cited authority fails to support the proposition for which it was cited. *Jenkins v. City of Topeka*, 958 F.Supp. 556 (D.Kan. 1997) held an entry of appearance did not effect service of process. This holding was subsequently overturned in *Jenkins v. City of Topeka*, 136 F.3d 1274 (10th Cir. 1998). Further the quote at the top of page 2 is not located in either *Jenkins* opinion cited above. The quote was found at *Unum Life Ins. Co. of America v. Paisley*, 2014 WL 5390243, *2 (D.Kan. 2014) wherein the Court denied plaintiff's motion for default judgment because it lacked sufficient information to establish personal jurisdiction over the defendant. Such a finding is irrelevant to plaintiff's present argument.

2025 WL 87297 (D.N.M. 2025) (dismissal on alternate grounds). Rather this Court's approach falls squarely within the edict of Rule 1, stating all rules of civil procedure, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

Rule 60(b)(4) comes into play when a Court erroneously exercises jurisdiction over a defendant.

> A judgment is not void, for example, simply because it is or may have been erroneous. [] … Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard. [] Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an arguable basis for jurisdiction. []

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (internal citations and quotations omitted). Conversely, Huffman argues the Court erroneously failed to exercise jurisdiction over these defendants. Rule 60(b)(4) is inapplicable and dismissal remains appropriate. Regardless, even if the court accepts Huffman's argument here, and voids the rulings except for those finding lack of jurisdiction, it does nothing to change the result—complete dismissal.

## II.    Plaintiff fails to evidence "clear error" under Rule 59(e).

In the alternative, Huffman seeks relief from the Court's finding it lacked personal jurisdiction over the individual defendants under Rule 59(e).  The purpose of a Rule 59(e) motion "is to correct manifest errors of law or to present newly discovered evidence." *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 611 (10th Cir. 2012) (internal quotation marks omitted). Grounds for granting a Rule 59(e) motion include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* These motions may not be used to "revisit issues already addressed or advance

3

arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). In fact, the Tenth Circuit Court of Appeals has held it is an abuse of discretion for a judge to grant a motion brought under Rule 59(e) when it "simply rehashe[s] arguments from the first motion." *Nelson v. City of Albuquerque*, 921 F.3d 925, 927 (10th Cir. 2019). "That plaintiffs disagree with the court's findings of fact does not demonstrate a clear error or manifest injustice." *Torre v. Federated Mut. Ins. Co.*, 906 F. Supp. 616, 619 (D. Kan. 1995), *aff'd,* 124 F.3d 218 (10th Cir. 1997). Here, Huffman does not argue or present any intervening change in the controlling law or new evidence previously unavailable. Rather she claims this court's rulings were "clear error."

       1.      <u>Rule 12(b)(1) and Rule12(b)(5) dismissals were not clear error.</u>

As to sufficiency of service of process, Huffman argues "service was complete under the common meaning of 'purport.' *Fisher v. DeCarvalho*, 298 Kan. 482, 501, 314 P.3d 214, 225 (2013) which allows for additional time to cure after adjudication not much unlike FRCP 4m." Huffman's motion offers no new evidence or legal authority, relying instead on recycled arguments previously considered and dismissed. First, Rule 59(e) cannot be used to raise arguments that could have been raised prior to the dismissal. *See Nelson v. Albuquerque*, 912 at 929. Second, Huffman filed all available information to evidence sufficiency of service before the Court issued its dismissal. Even though the sixteen additional returns of service were filed belatedly, they were considered and deemed insufficient. This argument has already been made. That Huffman still believes service sufficient provides further support for the Court's determination that additional time to correct the service would be futile. Huffman provides no additional basis for altering or amending the Court's dismissal of the claims against the individual defendants for lack of personal jurisdiction.

4

Similarly, Huffman's arguments regarding subject matter jurisdiction offer nothing new but simply rehash old arguments. Huffman claims the court erred when "bulk[ing]" together her claims of lack of access to the courts with her claims related to her bar licensure. But Huffman's complaint combines these claims. *See e.g.*, Doc. 23, First Amended Complaint, ¶ 94 ("Plaintiff is aggrieved by the conduct which includes lack of the truth, concealment, omissions, and misrepresentations including ambiguity in written and verbal representations of employees and officials [] and the taking of livelihood (the business) for a period of about 2 years prior to filing."). There is no evidence the court erred in considering these claims in tandem. Because there is no supportable argument of clear error this challenge should be dismissed.

2.      Rule 12(b)(6) dismissals were not clear error.

Huffman then suggests that if the Court determines it committed clear error when it found it lacked jurisdiction, the Court's Rule 12(b)(6) dismissal with prejudice should be altered or amended pursuant to Rule 59(e). Huffman does not argue the Court's alternate grant of qualified immunity to the individual defendants was in error. Defendants dispute Huffman's suggestion it is defendants' burden to establish she failed to comply with Rule 8. Rather it is Huffman's burden to comply with Rule 8. "It is not the role of either the court or the defendant to sort through a lengthy, poorly drafted complaint and voluminous exhibits in order to construct plaintiff's causes of action." *Schupper v. Edie*, 193 F. App'x 744, 746 (10th Cir. 2006). Accordingly, a district court may dismiss a pro se complaint when, even liberally construed, it "is incomprehensible." *Whitehead v. Shafer*, 295 F. App'x 906, 908 (10th Cir. 2008)*;* citing *Carpenter v. Williams,* 86 F.3d 1015, 1016 (10th Cir.1996); *see also Moser,* 118 F. App'x. at 380–81 (affirming dismissal under Rule 8(a) where the complaint was vague and incomprehensible to the point that the defendants could not discern the claims or prepare a defense). Additionally, the Tenth Circuit has

5

noted Fed. R. Civ. P. 41(b), "authorizes a court within its discretion to dismiss an action sua sponte based on the plaintiff's failure to comply with the rules of civil procedure, including Rule 8." *Allison v. Boulder Cnty.*, No. 24-1434, 2025 WL 2169439, at *3 FN5 (10th Cir. July 31, 2025); citing *Olson v. Mapes*, 333 F.3d 1199, 1204 FN3 (10th Cir. 2003); *see Nasious v. Two Unknown B.I.C.E. Agents, et al.*, 492 F.3d 1158, 1161 (10th Cir. 2007) (including Rule 8). Plaintiff's disagreement with the court's application of Rule 8 does not demonstrate clear error.

Huffman includes reference to the U.S. Supreme Court's decision in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024), that held "courts need not, and under the Administrative Procedure Act (APA) may not, defer to an agency's interpretation of the law simply because a statute is ambiguous, overruling *Cheveron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694." This is not an administrative review and *Loper* is inapplicable.

### III.    Plaintiff is not entitled to oral argument.

Huffman laments being denied an opportunity to participate in oral argument, which she requested on the last page of her reply brief. See Doc. 34, p. 26. The court has broad discretion to decide whether oral argument is necessary or if the matter should be decided solely on the submitted briefs. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); *see also* D. Kan. Rule 7.2 ("The court *may* set any motion for oral argument or hearing at the request of a party or on its own initiative.") (emphasis added)

The district court has discretion whether to hold a hearing on any motion filed in its court. *Abrams v. Se. Mun. Bonds Inc.*, 138 Fed Appx. 88, 96 (10th Cir. 2005) ("A district court's decision whether to conduct hearings in order to resolve motions—even those which are vigorously

6

disputed and may directly determine the outcome of the litigation—is reviewed for abuse of discretion.") There is no clear error identified.

## Conclusion

The Court's March 31, 2026 Order is not void, nor is it subject to a motion to alter or amend.  Huffman does not demonstrate that the court's decision contains clear error. Huffman's motion should be denied.

/s/ Terelle A. Mock
Terelle A. Mock                                      #21465
Crystal B. Moe                                       #29168
FISHER, PATTERSON, SAYLER & SMITH, LLP
3550 S.W. 5th Street
Topeka, KS 66606
(785) 232-7761 | (785) 232-6604 – fax
tmock@fpsslaw.com | cmoe@fpsslaw.com
**Attorneys for Defendants**

## Certificate of Service

I hereby certify that on May 15, 2026, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system. I further certify that I mailed the foregoing by first-class mail to the following non-CM/ECF participant:

Donna L. Huffman
122 Vista View Court
P.O. Box 33
Ozawkie, KS 66070
donna@thetruthmatters.online
*Pro se* **Plaintiff**

s/Terelle A. Mock